IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JEREMIAH LEE STUMP,** ) | Civil Action No. 7:12-cv-00300 | |
| Petitioner, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| **COMMONWEALTH OF VIRGINIA,** ) | By: Hon. Michael F. Urbanski | |
| Respondent. ) | United States District Judge | |

Jeremiah Lee Stump, a Virginia inmate proceeding pro se, filed a motion for an extension of time to file a petition for a writ of habeas corpus. Petitioner allegedly needs more time because he had difficulty receiving his "case files" from the attorneys who represented him in state court.

The court lacks jurisdiction to entertain this motion because petitioner indicates that he has not delivered a 28 U.S.C. § 2254 petition to prison officials for mailing. See Fed. R. Civ. P. 3 (stating a civil action is commenced by filing a complaint); Woodford v. Garceau, 538 U.S. 202, 208 (2003) (interpreting Rule 3 to include the filing of a habeas petition for a habeas action); Houston v. Lack, 487 U.S. 266, 275 (1988) (describing the prison-mailbox rule). Accordingly, the court must deny petitioner's request for lack of jurisdiction. See Gregory v. Bassett, No. 3:07cv00790, 2009 U.S. Dist. LEXIS 13766, 2009 WL 455267, at *2 (E.D. Va. Feb. 23, 2009). See also United States v. White, 257 F. App'x 608, 609 (4th Cir. 2007) (holding that no case or controversy existed before a 28 U.S.C. § 2255 motion was actually filed). Petitioner may explain why a habeas petition should be considered timely filed when he files the petition with a court.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner.

Entered: July 12, 2012

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge